UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TEXT ADS AND MARKETING, LLC, a
Pennsylvania Limited Liability Company,

Plaintiff,

v.

JOHN C. RAFFERTY, JR., in his official capacity as Board Chair of The Disciplinary Board of the Supreme Court of Pennsylvania; GRETCHEN A. MUNDORFF, in her official capacity as Board Vice-Chair of The Disciplinary Board of the Supreme Court of Pennsylvania; GAETAN J. ALFANO, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; JOSHUA M. BLOOM, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; CELESTE L. DEE, in her official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; LAURA E. ELLSWORTH, in her official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; ROBERT J. MONGELUZZI, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; BRYAN S. NEFT, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; CATHERINE R. O'DONNELL, in her official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; DAVID S. SENOFF, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; SHOHIN H. VANCE., in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; JOSHUA F. WILSON, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; THOMAS J. FARRELL, in his official capacity as Chief Disciplinary Counsel of the Office of Disciplinary Counsel; RAYMOND S. WIERCISZEWSKI, in his official capacity as Deputy Chief Disciplinary Counsel of the Office of Disciplinary Counsel

                Defendants.

Civil Action No.
2:24-cv-01468-RJC

## PLAINTIFFS' MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

NOW COME the Plaintiff, Text Ads and Marketing, LLC., by and through their counsel, Paul A. Luvara, Esq., and presents this Motion for Emergency Injunction and aver as follows:

## BACKGROUND

1. Text Ads and Marketing, LLC., a Pennsylvania Limited Liability Company (hereinafter "Text Ads"), has spent tens of thousands of dollars researching and developing the technology to send direct solicitations to criminal defendants via text message (hereinafter "SMS") and email, on behalf of attorney clients. Text Ads has been servicing clients in Pennsylvania since May 2024 and has service contracts with its clients.

2. On October 15, 2024 the Supreme Court of Pennsylvania adopted an amendment of Rules of Professional Conduct, rule 7.3(b) comment [2], that will go into effect on November 14, 2024, and will immediately make all the current contracts void.

3. Further, the adopted amendment has already interfered with and halted Plaintiff's negotiations for a contract that was set to be executed in December 2024, causing irreparable harm to Plaintiff.

4. The December contract's approximate value was One Hundred and Fifty Thousand Dollars ($150,000.00).

5. At the time Plaintiff conceptualized the idea for its marketing business and technology, the business was in compliance with Pennsylvania Rules of Professional Conduct and this came as an abrupt, un-proposed change to the their rules that directly affects the Plaintiff.[1]

---

[1] Comment 2 to Rule 7.3 defines live person-to-person contact as "in-person, face-to-face, live telephone, and other real time visual or auditory person-to-person communications where the person is subject to a direct personal encounter without time for reflection." Chat rooms, text messages, or other written communications that recipients may easily disregard are excluded from the definition. It added: "A potential for overreaching exists when a lawyer, seeking pecuniary gain, solicits a person known to be in need of legal service," noting that when a trained advocate presses for an

6. As far as Plaintiff is aware, it is the only company that uses this type of technology to solicit potential criminal defendants on behalf of attorneys in Pennsylvania, such that Plaintiff is the only entity that has direct harm resulting from this rule change.

7. Forty-Seven years ago, our Supreme Court held that advertising for an attorney is a type of commercial speech protected by the First Amendment. *Bates v. State Bar of Ariz.* 433 U.S. 384 (1977).

8. Eleven years after Bates, the Supreme Court held the First Amendment does not permit a ban on certain speech merely because it is more efficient; the State may not constitutionally ban a particular letter on the theory that to mail it only to those whom it would most interest is somehow inherently objectionable. *Shapero v. Kentucky Bar Ass'n.* 486 U.S. 473, 474 (1988).

9. As did the Kentucky Bar Association in *Shapero*, Pennsylvania is trying to prohibit an attorney from sending a direct solicitation through more efficient means. *Id*.

10. This emergency injunction seeks a declaration that Rule 7.3(b), comment [2], on its face violates the First Amendment (as incorporated through the Fourteenth Amendment) and Plaintiff seeks an injunction preventing Defendants, in their official capacities, from enforcing the rule.

**EMERGENCY STATUS**

11. An emergency exists because Plaintiff will be forced to terminate existing contracts on the effective date, November 14, 2024, and has already made arrangements with its

---

immediate response, overreaching may occur.

3

clients to do so. Plaintiff has already taken a financial loss on its contracts for the month of November by only charging its client half price.

12. Without the attached proposed emergency injunctive order, Plaintiff has no recourse against the immediate irreparable harm the Defendants have already caused and will cause in the future.

    a. Although through a lengthy Federal Court battle subject to multiple appeals, Plaintiff may be able to recover for the financial harm at a later date, years down the road.

    b. Additionally, this immediate harm being done to Plaintiff is not just financial in nature, it also limits Plaintiff's ability to grown its business in Pennsylvania costing Plaintiff substantially more harm than the loss of its December Contact.

13. Defendants' actions will continue to prejudice the Plaintiff every single day, as the Plaintiff's clients are not able to be serviced, their reputations are being damaged, and they are not being paid.

14. Without swift, emergency action, the Plaintiff will continue to lose money and clients, irreparably harming the Company and their reputations, and Defendants will continue to interfere with Plaintiff's Constitutional of Free-speech.

## RELIEF REQUESTED

15. Defendants' actions constitute a violation of First and Fourteenth Amendments to the United States Constitution.

16. Allowing Defendants' actions to continue will cause irreparable harm to the Plaintiff and their legal rights.

17. Defendant requests that this Honorable Court grant the following relief:

    a. An Emergency Injunction prohibiting Defendants and their agents from enforcing 7.3(b) comment [2], as it pertains to text messaging.

    b. A hearing to be scheduled to hear Plaintiff's Motion for Emergency Preliminary Injunctive Relief prior to November 14, 2024, the effective date of the rule change.

18. Plaintiff believes that relief will prevent immediate and irreparable harm to Plaintiff.

19. Plaintiff believes that refusing relief will result in greater harm than granting it.

20. Plaintiff believes that injunctive relief will not adversely affect the public interest.

21. Plaintiff has filed a Verified Complaint for Declaratory and Injunctive Relief providing sufficient proof that it is likely that Plaintiff will prevail in its action on merits.

Respectfully submitted,

DATE : November 4, 2024

*Paul A. Luvara*
Paul A. Luvara, Esq.
PA ID No. 331040
Direct: (412) 440-5224
pluvara@luvaralaw.com

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEXT ADS AND MARKETING, LLC, a Pennsylvania Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN C. RAFFERTY, JR., in his official capacity as Board Chair of The Disciplinary Board of the Supreme Court of Pennsylvania; GRETCHEN A. MUNDORFF, in her official capacity as Board Vice-Chair of The Disciplinary Board of the Supreme Court of Pennsylvania; GAETAN J. ALFANO, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; JOSHUA M. BLOOM, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; CELESTE L. DEE, in her official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; LAURA E. ELLSWORTH, in her official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; ROBERT J. MONGELUZZI, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; BRYAN S. NEFT, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; CATHERINE R. O'DONNELL, in her official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; DAVID S. SENOFF, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; SHOHIN H. VANCE., in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; JOSHUA F. WILSON, in his official capacity as Member of The Disciplinary Board of the Supreme Court of Pennsylvania; THOMAS J. FARRELL, in his official capacity as Chief Disciplinary Counsel of the Office of Disciplinary Counsel; RAYMOND S. WIERCISZEWSKI, in his official capacity as Deputy Chief Disciplinary Counsel of the Office of Disciplinary Counsel,<br><br>Defendants. | Civil Action No. 2:24-cv-01468-RJC |

**ORDER GRANTING EMERGENCY INJUNCTIVE RELIEF**

AND NO, this \_\_\_\_ day of November 2024, upon consideration of Plaintiff's Motion for Emergency Injunction, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Plaintiff possesses a clear and present right to emergency injunctive relief;

2. Injunctive relief will prevent immediate and irreparable harm to Defendant;

3. Refusing injunctive relief will result in greater harm than granting it;

4. Injunctive relief will not adversely affect the public interest;

5. The relief granted is narrowly tailored as follows:

    a. An Emergency Injunction prohibiting Defendants and their agents from enforcing 7.3(b) comment [2], as it pertains to text messaging.

A hearing for this Emergency Injunction shall be held before this Court on _____, 2024, at _____ a.m./p.m. in Courtroom _____.

BY THE COURT

_____, J.