IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEXT ADS AND MARKETING, LLC, ) | |
| ) | |
| Plaintiff, ) | 2:24-cv-1468-RJC |
| ) | |
| vs. ) | |
| ) | |
| JOHN C. RAFFERTY, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is a Motion for Reconsideration (ECF No. 22) filed by Plaintiff Text Ads and Marketing, LLC ("Plaintiff"). Plaintiff seeks reconsideration of the Court's Order (ECF No. 20) denying Plaintiff's Motion for Emergency Preliminary Injunction (ECF No. 8). The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. Defendants filed a Response (ECF No. 24) to the Motion for Reconsideration on December 5, 2024, and the Motion for Reconsideration is thus ripe for disposition.

**I.   Background**

On October 24, 2024, Plaintiff filed a Complaint (ECF No. 1) against the Defendants, each of whom is sued in their official capacity as a member of The Disciplinary Board of the Supreme Court of Pennsylvania. In its Complaint, Plaintiff asserts claims under Section 1 of the Civil Rights Act, 42 U.S.C. § 1983, and the Declaratory Judgment Act against the Defendants. Plaintiff's claims arise out of the Supreme Court of Pennsylvania's October 15, 2024 adoption of an

1

amendment to Rule 7.3(b) comment [2] of the Pennsylvania Rules of Professional Conduct that was scheduled to go into effect on November 14, 2024. Plaintiff asserts that this amendment will prohibit lawyers from soliciting clients via text message, and that Plaintiff has spent time and resources developing technology for that type of solicitation in criminal cases. Plaintiff further alleges that it is the only company that uses this type of technology to solicit potential criminal defendants on behalf of attorneys in Pennsylvania, and that Plaintiff is thus the only entity that will suffer direct harm resulting from this rule change. In its Complaint, Plaintiff asserted that: "The adoption of the amendment to Rule 7.3(b) comment [2], on November 14, 2024, will immediately make all [Plaintiff's] current contracts [with attorneys] void[,]" and that the amendment has already interfered with and halted negotiations for a $150,000.00 contract between Plaintiff and a potential client that was set to be executed in December of this year. Compl. ¶ 2, ECF No. 1.

Plaintiff filed its Motion for Preliminary Injunction on November 4, 2024, and requested that a hearing be held before November 14, 2024, the date that the amendment to Rule 7.3(b) comment [2] was set to take effect. Plaintiff asserted that "[a]n emergency exists because Plaintiff will be forced to terminate existing contracts on the effective date, November 14, 2024, and has already made arrangements with its clients to do so. Plaintiff has already taken a financial loss on its contracts for the month of November by only charging its client half price." Mot. ¶ 11, ECF No. 8. By way of its Complaint, Plaintiff seeks a declaration that amended Rule 7.3(b), comment [2], on its face, violates the First Amendment (as incorporated through the Fourteenth Amendment) of the United States Constitution. By way of the Motion for Preliminary Injunction, Plaintiff sought an injunction preventing Defendants, in their official capacities, from enforcing the amendment. The Court convened a telephonic status conference on November 7, 2024 with

counsel to discuss the Motion for Preliminary Injunction, the relief requested therein, issues related thereto, and the scheduling of a hearing.

The Court convened a hearing on the Motion for Preliminary Injunction on November 12, 2024. Plaintiff called one witness, Ellis Klein, Esquire, a customer of Plaintiff's, and introduced five exhibits. *See* ECF No. 19. Defendants called no witnesses, and introduced a declaration of Laura K. Mohney, Esquire, along with three attachments to that declaration. *Id*. After providing counsel with an opportunity to present oral argument, the Court denied the Motion for Preliminary Injunction in open court primarily on the basis that the record was insufficient for the Court to conclude that Plaintiff had established that it was reasonably likely to prevail on the merits. The Court also noted its doubt that Plaintiff could demonstrate a likelihood of irreparable harm where Plaintiff relied only on financial harm from a restriction on commercial speech, though the Court acknowledged that First Amendment deprivations are held to presumptively constitute irreparable harm. *See Bullock v. Carney*, No. 20-2096, 2020 WL 7038527, at *3 (3d Cir. June 4, 2020) ("A presumption of irreparable harm attaches to a deprivation of a First Amendment right."). The Court believes that this situation, i.e., where the harm is compensable by monetary damages and where the alleged First Amendment deprivation applies only to purely commercial speech, may be one where the presumption is overcome.

### II. Legal Standards

#### A. Reconsideration

"A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009)

(quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). The United States Court of Appeals for the Third Circuit has "explained that the law of the case doctrine does not preclude a court from revisiting its own decisions or one of a coordinate court where (1) new evidence is available or (2) a supervening new law has been announced." *In re Pharmacy*, 582 F.3d at 439 (citing *Pub. Interest Research Group of NJ, Inc. v. Magnesium Elektron*, 123 F.3d 111, 117 (3d Cir. 1997)). Further, "a trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Id.* (quoting *Swietlowich v. County of Bucks*, 610 F.2d 1157, 1164 (3d Cir. 1979)).

"Although district courts have the inherent power to reconsider an interlocutory decision, '[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e).'" *Deeters v. Phelan Hallinan & Schmieg, LLP*, No. 3:11-cv-252, 2013 WL 6524625, at *2 (W.D. Pa. Dec. 12, 2013) (quoting *A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, CIV. A. 94–7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001)). Under Rule 59(e), a court may reconsider its order where "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). In the context of reconsideration of interlocutory orders, the United States District Court for the Middle District of Pennsylvania has explained: "the court may permit reconsideration whenever 'consonant with justice to do so.'" *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d

292, 295 (M.D. Pa. 2016) (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F.Supp.2d 630 (M.D. Pa. 2007)).  However, "[b]ecause courts have a strong interest in the finality of their judgments, a motion for reconsideration is inappropriate to express mere dissatisfaction with a court's previous ruling." *Deeters*, 2013 WL 6524625, at *2.

It is clear under Third Circuit precedent that a motion for reconsideration should not be used to merely reargue matters that have already been argued and decided, and further should not be used to present new arguments or evidence that could have been raised prior to the court's entry of the order in question.  *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (holding that "[w]hatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not[,]" and quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) for the proposition that "reargument 'should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'"); *see also Deeters*, 2013 WL 6524625, at *2 ("[S]uch a motion cannot be used 'to raise new arguments or [to] present evidence that could have been raised prior to the entry of judgment.'" (quoting *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D.Pa. Mar. 3, 2006))); *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 475 (M.D. Pa. 2020) ("Likewise, a motion for reconsideration may not be used to present a new legal theory for the first time, to raise new arguments that could have been made in support of the original motion, and should not ask the court to rethink a decision that it has already made." (citations omitted)).

### B. Preliminary Injunctive Relief

With respect to the standard for the issuance of a preliminary injunction, the United States Court of Appeals for the Third Circuit has explained:

The decision to issue a preliminary injunction is governed by a four-factor test:

> To obtain an injunction, the plaintiffs had to demonstrate (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002)). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir.1994)). "[O]ne of the goals of the preliminary injunction analysis is to maintain the status quo, defined as the last, peaceable, noncontested status of the parties." *Kos Pharms.*, 369 F.3d at 708 (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir.1990)).

### III. Discussion

There is no basis for reconsideration in this matter. Initially, the "new" evidence relied upon by Plaintiff is evidence that clearly would have been available to Plaintiff at the time of the hearing on the Motion for Preliminary Injunction, as it is an affidavit from Plaintiff's own chief technology officer. *See* Recons. Mot. Ex. 1, ECF No. 22. Plaintiff cannot resort to repeated, successive attempts to obtain preliminary injunctive relief by submitting piecemeal evidence that was already available to it when it filed its Motion for Preliminary Injunction.[1] Outside of the

---

[1] The Court again notes, as it did at the conclusion of the preliminary injunction hearing, that it remains open to the possibility of expedited discovery and summary judgment motion practice in this matter, particularly if the parties can reach agreement as to the same. In any event, the record at this juncture is far from sufficient to support reconsideration, and the Court believes that summary judgment is a much more appropriate avenue for a fact-dependent issue such as this.

"new" affidavit, Plaintiff merely advances arguments that were, or could have been, advanced during the preliminary injunction hearing. On that basis alone, denial of the Motion for Reconsideration is warranted.

The Court notes that Plaintiff did not, during the preliminary injunction hearing, call an employee to explain its business model, the technology at issue, and the impact the rule change would have on the business. The one witness who testified during the hearing provided some credible information respecting the same, at least from a customer's perspective, but the preliminary injunction record was entirely insufficient for the Court to conclude that Plaintiff is reasonably likely to establish the unconstitutionality of the rule change at issue. Plaintiff's counsel, at times during the hearing, provided factual information regarding Plaintiff's business by way of argument that he simply could not introduce without testimony or documentary evidence. Any such testimonial argument is simply not properly construed as a part of the preliminary injunction record. The Court perceives no basis to reconsider its determination that Plaintiff failed entirely to establish a reasonable likelihood of success.

The Court again notes that, even if the Court were to entertain argument based upon the testimony Plaintiff might likely proffer on the issue, the Court harbors doubt that Plaintiff can demonstrate that it is likely to suffer irreparable harm in the absence of injunctive relief in this matter. Where the alleged harm is compensable by monetary damages and where the alleged First Amendment deprivation applies only to purely commercial speech, the Court is doubtful that a likelihood of irreparable harm can be established. Plaintiff has cited no case law to disabuse the Court of this view. In any event, Plaintiff failed to establish during the preliminary injunction hearing that it is reasonably likely to prevail eventually in the litigation, and it has come up well short of its burden on reconsideration. The Court stands by its decision during the preliminary

7

injunction hearing for the reasons stated on the record and as supplemented herein.  For the reasons discussed above, Plaintiff's Motion for Reconsideration is denied.

BY THE COURT:

<u>/s/Robert J. Colville</u>
Robert J. Colville
United States District Judge

DATED: December 13, 2024

cc: All counsel of record