# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEXT ADS AND MARKETING LLC | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 24-cv-1468 |
| v. | : | |
| | : | |
| JOHN C. RAFFERTY, JR., et al. | : | Hon. Robert J. Colville |
| | : | |
| *Defendants* | : | |

### Declaration of Thomas J. Farrell, Esquire

I, Thomas J. Farrell, Esquire, declare:

1. I am Chief Disciplinary Counsel of the Office of Disciplinary Counsel ("ODC"), which is an entity of the Disciplinary Board of the Supreme Court of Pennsylvania, and have been in my position since January 2020.

2. Before that, I practiced law for thirty-four years. I was an assistant federal public defender in the Eastern District of New York from 1989 to 1993, an Assistant United States Attorney in the Western District of Pennsylvania from 1995-2000, and an attorney in private practice from 2000-2019. I started my career as law clerk to the Honorable Gustave Diamond in the United States District Court for the Western District of Pennsylvania (1986-1988). I am a graduate of Yale University (B.A. Philosophy 1983) and the New York University School of Law (J.D. 1986). I am admitted to the bars of New York and Pennsylvania as well as the bars of several federal district courts and courts of appeals.

3. The ODC is charged with investigating complaints against Pennsylvania-licensed attorneys for violating the Pennsylvania Rules of

Professional Conduct and, if necessary, charging and prosecuting attorneys under the Pennsylvania Rules of Disciplinary Enforcement.

4. As part of my official duties, I am familiar with the process by which ODC receives complaints, determines whether complaints are frivolous, require further investigation, and whether to pursue discipline.

5. All recommendations to the Disciplinary Board that ODC pursue charges against an attorney require my review and express approval.

6. As Chief Disciplinary Counsel, I have authority to direct how ODC interprets the Rules of Professional Conduct, as well as determining the ODC's policy on handling complaints.

7. In 2019-2020 the Pennsylvania Bar Association (PBA) proposed a package of Chapter 7 Rule amendments to the Disciplinary Board of the Supreme Court of Pennsylvania, which were eventually published for comment in February 2021.

8. On October 15, 2024, the Supreme Court issued an Order adopting numerous amendments to the Chapter 7 Rules, including amendments to R.P.C. 7.3, "Solicitation of Clients."

9. R.P.C. 7.3(b) prohibits solicitation by "live person-to-person contact," unless otherwise permitted by 7.3(B)(1) or (2).

10. Comment 2 to R.P.C. 7.3(b) notes that text messages are included in "live person-to-person contact," which involves "in-person, face-to-face, live telephone and other real-time visual or auditory person-to-person communications

where the person is subject to a direct personal encounter..."

11. Comment 2 to R.P.C. 7.3(b) explains further that such a "direct interpersonal encounter" has a potential for overreaching where an individual "may find it difficult to fully evaluate all available alternatives with reasoned judgment and appropriate self-interest in the face of the lawyer's presence and insistence upon an immediate response."

12. The ODC interprets Rule 7.3(b) and Comment 2 as including direct, person-to-person text messaging from an attorney or on the attorney's behalf to which the recipient can directly respond.

13. ODC does not interpret Rule 7.3(b) and Comment 2 as prohibiting text message advertisements or solicitations sent on behalf of attorneys by automated means or third-party communications systems wherein the recipient does not have the ability to reply directly to the attorney or third-party within the text message thread itself.

14. The purpose of Rule 7.3(b) and Comment 2 is to prevent attorneys from subjecting potential clients to a direct personal encounter with a sense of immediacy to reply, without leaving time or opportunity for reflection.

15. Based on a review of discovery in this case, the method and delivery of text message advertisements and solicitation as described and utilized by Plaintiff Text Ads & Marketing LLC would not violate Rule 7.3(b) and the ODC would not pursue discipline under the Rule for such conduct.

16. In this regard, it appears that all text message solicitations sent by

Plaintiff Text Ads & Marketing LLC are sent through a 1-800 number and require the recipient to affirmatively call the soliciting attorney's number to request legal services. There is neither an expectation nor an opportunity for the recipient to respond to the solicitation directly via text messaging.

17. ODC would not consider text messages sent through a 1-800 number through which recipients cannot directly reply or accept services as direct, person-to-person contact.

18. ODC would not consider it a violation of Rule 7.3(b) if such text messages include contact information for the soliciting attorney, as long as it requires the recipient to take the affirmative step to reach out to the soliciting attorney using that contact information, and recipients cannot directly reply or accept services within the text message solicitation itself.

19. While ODC does not interpret Rule 7.3(b)'s prohibition on live person-to-person text message solicitation applicable to Text Ads and Marketing's service model, attorneys utilizing such services would still be bound by any applicable rules of professional conduct as it relates to the content of the solicitation.

20. For example, the content of such text message solicitations cannot be misleading or otherwise include misrepresentations.

21. Neither ODC nor I offer any opinion regarding whether Text Ads and Marketing's service model, and by extension whether attorneys utilizing such services comply with or violate already existing federal and state laws relating to the transmission of unsolicited texts messages, including but not limited to the

United States Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C. § 227.

    *Pursuant to 28 U.S.C. §1746, I verify under penalty of perjury that the foregoing is true and correct.*

*[signature]*
Thomas J. Farrell, Esquire
Chief Disciplinary Counsel of the
Office of Disciplinary Counsel

DATE 4/11/25